Bbowk, J.
(dissenting). I am unable to agree with the majority recommendation.
Special rule I of the City Court Rules expressly provides in part (subd. 1): “all negligence causes * * * upon the General Jury Calendar and the General Non-Jury Calendar, including the negligence causes heretofore or hereafter transferred from the Supreme Court, shall be classified and controlled as hereinafter provided ”. (Emphasis supplied.)
The italicized language would appear to leave no room for doubt as to the power conferred upon the City Court to determine the calendar status of actions pending in that court, including those transferred from the Supreme Court. The only question, in my opinion, is whether the discretion thus conferred was properly exercised in the instant situation.
Subdivision (5) of special rule I provides in part that: “ The justice shall determine whether the extent of the claimed injuries and damages justifies the retention of the cause in its present position on the General Calendar.” To “ determine ” means to decide. Accordingly, while the court may be required to accept a prima facie showing by the plaintiff which is in no way contradicted, it is clear beyond argument that where there is contradictory evidence before it the court must also consider that evidence in order to arrive at its determination. If it were otherwise, calendar classification hearings would serve no purpose.
The determination as to whether a case should be deferred rests in the discretion of the court. The discretion vested in the Justices of the City Court to classify and control cases on the calendar of that court appears to be the same as that vested in the Justices of the Supreme Court over cases in the Supreme Court. Although the question of whether this case should be transferred to the Municipal Court rather than the City Court was mentioned at the hearing which resulted in its removal from the Supreme Court, and the Justice in the City Court hearing was so informed, no decision had been made which was binding upon the City Court. No issue had been tried and no formal findings of any kind had been made. The case had been sent to the City Court as an exercise of discretion. The fact that the Justice in the City Court came to the conclusion that the case should be tried in the Municipal Court would not, in itself, amount to an abuse of discretion on his part. The determination made earlier in the Supreme Court was a circumstance *1014 to be considered, and we may fairly assume that it was taken into consideration. The Justice presiding at the hearing in the City Court was required to determine, upon the proof before him, whether the extent of the claimed injuries and damages justified the retention of the case in its regular position on the calendar, and it may not be said, upon this record, that his determination was an abuse of discretion.
Although the plaintiff asserts that his special damages exceed $2,500, it is apparent that this figure is inflated. The verified bill of particulars lists special damages totaling $6,000; they include $2,500 for loss of earnings and another $2,500 for “ replacement, hire and loss of profits.” They also include $500 for “ Physician’s services and medical supplies ” plus estimated future expenses of $500 for “ Nurses, hospital and x-ray.” There had been no hospitalization up to the time of the hearing.
When it was brought to the court’s attention, by the affidavit in opposition to the motion, that plaintiff had testified on his examination before trial that he had spent, all told, only $68 for doctor’s services and medical supplies, his attorney replied that the figures in the bill of particulars included estimated future expenses for a possible operation. In this connection, it will be remembered that the impartial doctor reported that there was no evidence that the plaintiff had an internal derangement of the knee and that there was no indication for operative intervention, that the plaintiff was not under active therapy and did not require any.
Upon all the foregoing, I am not prepared to say that the order denying plaintiff’s motion was an improper exercise of discretion.
Hart, J., concurs with Dx Gtovanna, J., in a separate opinion; Brown, J., dissents in an opinion and votes to affirm.
Order reversed, without costs, and motion to vacate order placing cause on Deferred Calendar granted and cause restored •,to its regular position on the calendar.